GILMORE & RUHL, APPELLANTS, V. MARY M. SILVER,
APPELLEE, AND SUTTON EXCHANGE BANK ET AL.,
APPELLANTS.

FILED JUNE 22, 1895.    No. 5780.

Dismissal of Plaintiffs' Appeal: CONTEST BETWEEN DEFEND-
ANTS: REVIEW: PRACTICE.   Where the original plaintiff had
dismissed his appeal, leaving a controversy solely between de-
fendants as to respective priorities of mortgages, the defend-
ants having stipulated, in effect, that the mortgage .to one of
their number was first recorded and that in terms every other
mortgage was made subject to this particular one, *held*, in the
absence of facts pleaded and corresponding relief prayed entit-
ling to other relief, that this court should not reverse the judg-
ment of the district court recognizing and confirming the prior-
ity of the mortgage as stipulated in the mortgages specially
made subject thereto.

APPEAL from the district court of Clay county.   Heard
below before HASTINGS, J.

*E. E. Hairgrove* and *Leslie G. Hurd*, for appellants.

*Thomas H. Matters, contra.*

RYAN, C.

The petition of Gilmore & Ruhl was filed in the district
court of Clay county on January 14, 1892, in which Mary
M. Silver and others were named as defendants.   The de-
fendants joined with Mary M. Silver were the former
members of the firm of Hayes & Silver, and a large num-
ber of the creditors of said firm.   It was alleged in the
petition that Edwin J. Hayes and Richard S. Silver had
been doing business in Sutton under the firm name of
Hayes & Silver; that on August 12, 1891, said firm had
executed its note to plaintiff for $325.45 and secured it by
giving a chattel mortgage on the merchandise of said firm,

which mortgage was filed for record on the 15th day of
August aforesaid; that on August 12 aforesaid the firm
of Hayes & Silver made to Mary M. Silver a chattel mort-
gage on the stock of goods above mentioned, which mort-
gage was recorded on the day of its execution. It was
averred that at the time of making its mortgage to Mary
M. Silver the firm of Hayes & Silver was not indebted to
Mary M. Silver in any sum whatever; that on August
13th, 1891, there was executed by the firm of Hayes &
Silver thirteen chattel mortgages on the aforesaid merchan-
dise, each mortgage being made to a person or firm therein
described, was filed for record on the day of its execution;
that on August 15 aforesaid the firm of Hayes & Silver
executed twelve more chattel mortgages on the same prop-
erty as had before been mortgaged, and that these, on the
same day they were made, were filed for record. There
were described other and subsequent mortgages upon the
merchandise above described. All parties referred to as
mortgagees of the firm of Hayes & Silver were joined as
defendants with Mary M. Silver and her husband, Richard
S. Silver, and his former partner, Edwin J. Hayes. It
was further alleged in the petition that, in accordance
with a stipulation entered into by all the parties concerned,
the merchandise aforesaid had been sold and the proceeds
paid into the hands of the said clerk of the district court.
The prayer of the petition was for judgment against Hayes
& Silver, Edwin J. Hayes, and Richard S. Silver for the
amount alleged to be due the plaintiff; that the mortgage
made to Mary M. Silver be declared null and void; that
the mortgage to Cohen Bros. be declared no lien on the
mortgaged property, and that the proceeds of the sale afore-
said should be equitably distributed among the various
mortgagees. The record does not show when the service of
summons was made, either on the above mortgagors or on
Mary M. Silver. The mortgagors made default and Mrs.
Silver filed her answer to the above petition on February

16, 1892. It is not necessary to describe the answer, for, as between the defendant and plaintiff, a full settlement has been made of all matters in controversy between them and a stipulation of a dismissal accordingly has been filed in this court. The next pleading was filed February 26, 1892, and was in terms an answer of John L. Lemon, trustee, and R. B. Smith & Co. to the above petition, although within it were the averments that the mortgage given to Mary M. Silver "was obtained by fraud and misrepresentation as alleged in the third count of the aforesaid petition," and that Mrs. Silver had never taken possession under her mortgage. As to the mortgage to Mary M. Silver, it was prayed in the petition that said mortgage be declared null and void and of no effect, and in other respects the prayer was as in the plaintiff's petition already described. On February 26, 1892, there was filed an answer by twenty-five of the creditors of the firm of Hayes & Silver. These defendants admitted all the allegations of the petition to be true except as by said answer certain averments thereof should be specifically denied. The qualifications referred to were of no practical importance in the present condition of this controversy. As in the answer of John L. Smith, trustee, and R. B. Smith & Co., there were averments in this answer that the mortgage to Mary M. Silver obtained by fraud and misrepresentation as alleged in the third paragraph of the plaintiff's petition, and this was coupled with the allegation that Mrs. Silver was never in possession under her chattel mortgage. There was a prayer for the same relief as was prayed in the answer of John L. Lemon and R. B. Smith & Co., already described as being identical with that in the plaintiff's petition. Mrs. Silver had no notice of the answers of her co-defendants and there was no reply thereto by her. Since each of these answers was filed ten days after her answer to the original petition was filed, it might be safe to assume that they were filed after the answer day had passed. It is

doubtful whether in any event the co-defendants of Mrs. Silver, under these circumstances, could properly obtain affirmative relief as against the mortgage to her. The dates of the mortgages have already been sufficiently given to indicate that the one given Mrs. Silver was filed before any of those held by her co-defendants. On the trial it was stipulated that "all of the last-named mortgages are made subject in express terms to all mortgages, liens, and incumbrances at the time they were filed." It requires no argument to show that the issues between Mrs. Silver and her co-defendants were not such that the express provision referred to in the above stipulation as being contained in the mortgage to each of the said defendants could be ignored or set aside. Such facts as justified an avoidance of this kind, if any such existed, were not pleaded, neither was there prayer for such relief as would have been appropriate, even if proper averments of the facts had been contained in the aforesaid answers. Under these circumstances the judgment of the district court must be, and accordingly it is,

AFFIRMED.